## JAMES CRUTHERS v. STATE.

No. A-3143.   Opinion Filed April 8, 1919.

(179 Pac. 787.)

**INTOXICATING LIQUORS—Unlawful Transportation— Sufficiency of Evidence.** In a prosecution for unlawfully conveying intoxicating liquor, the evidence considered, and **held** sufficient to sustain the conviction, and that no reversible error was committed on the trial.

*Appeal from County Court, Tulsa County;*
*H. L. Standeven, Judge.*

James Cruthers was convicted of a violation of the prohibitory liquor law, and he appeals. Affirmed.

*D. M. Martindale* for plaintiff in error.

*W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Plaintiff in error, James Cruthers, and Talmadge Milam were jointly charged with conveying 144 quarts of whisky and 96 half pints of whisky from Keystone, to a point five miles southeast of Keystone, Tulsa county.   The punishment of Milam was fixed at confinement for 90 days in the county jail and a fine of $300. The punishment of Cruthers was fixed at confinement for six months in the county jail and a fine of $500.   From the judgment rendered against plaintiff in error he appealed by filing in this court September 22, 1917, his petition in error with case-made.

The errors assigned question the sufficiency of the evidence to sustain the conviction.

For the state J. J. Moran testified that he was deputy United States marshal, Eastern district of Oklahoma, that

on the morning of the date alleged in the information he, with other officers, was on the road between Tulsa and Keystone, at a place known as Big Hollow, about five miles southeast of Keystone; that they were on top of a hill when they sighted a car about two-thirds the way up the hill; that there is a bench of about 30 steps before the second rise of the hill; that as the car approached he called to the defendants to stop, and he had to get out of the road to avoid being run over, and after they passed the officers called to them to stop, and they kept right on going, and the officers fired several shots, one of which hit a rear tire; it went flat and they stopped; that they found 44 quarts of whisky, and 96 half pints of whisky in the car.

A. B. Chapman testified that he was deputy special officer in the Indian service, and was with Mr. Moran when they stopped the defendants in the automobile; that defendant Cruthers said, "The whisky belonged to some one in Muskogee, and that they had driven from Keystone." This was all the testimony in the case.

The foregoing statement is sufficient to show the evidence in the case fully warranted the conviction of the plaintiff in error, Cruthers. Finding no material error in the record, the judgment of the trial court is affirmed. Mandate forthwith.

ARMSTRONG and MATSON, JJ., concur.